IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

LUIS OLMEDO CURCO AYALA,

Petitioner,

vs.

PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,

Respondents.

Case No. 0:26-cv-00960-SHL-SGE

**ORDER**

On February 6, 2026, the Court granted Petitioner's Verified Petition for Writ of Habeas Corpus and ordered that he be immediately released. (ECF 7.) As of February 10, 2026, Petitioner's counsel reported that Petitioner had not been released and instead remained in ICE custody. (ECF 8.) The same day, the Court ordered Respondents to show cause on or before February 11, 2026, why sanctions should not be imposed for the failure to comply with the Court's Order. (ECF 9.) Following issuance of the Show Cause Order, Petitioner was released at 9:40 p.m. on February 10, 2026. (ECF 10.) Respondents submitted a response to the Show Cause Order February 11, 2026. (ECF 11; ECF 12.)

Assistant United States Attorney Friedrich A.P. Siekert submitted a declaration explaining the circumstances of Respondents' failure to comply. (ECF 12.) AUSA Siekert attested that he could not "reconstruct" if or when he sent this Court's order to Respondents and said it was his "delay in communicating the release order [which] caused the delay of the release." (ECF 12.) He took "full responsibility" and apologized to "Petitioner, his counsel, and the Court." (Id.) He further explained that February 6 was "a very busy day for me" during which he prepared "8 filings" and sent "nearly 100 emails." While the Court is sympathetic to the strain faced by AUSA

Sikert and the others in the U.S. Attorney's Office, it goes without saying that this is cold comfort to Petitioner, who suffered four additional days of illegal detention due to this lapse. *See Rigoberto S.J.. v. Noem*, No. 26-cv-957, 2026 WL 490104, at *3 (D. Minn. Feb. 20, 2026) ("This Court would never allow a private attorney or litigant to rely on an 'I'm too buy' excuse to justify disobedience of a court order. The Government is no different.")

All the same, the challenges facing AUSA Siekert and others in his office were a function of decisions made at higher levels of the Executive Branch. It would serve little purpose to sanction him in these circumstances. Moreover, Respondents promptly complied with the Order to Show Cause. For these reasons, and because there is nothing in the record to indicate ongoing violations, the Court will not impose a sanction under its contempt power or otherwise. *See Rigoberto S.J.. v. Noem*, No. 26-cv-957, 2026 WL 490104, at *3 (D. Minn. Feb. 20, 2026).

The Clerk of Court is directed to close the case and enter Judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: April 20, 2026

STEPHEN H. LOCHER
U.S. DISTRICT JUDGE